IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PETER DAMONE LACKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-CV-8013-CLM |
| ) | (2:08-CR-219-CLM-GMB) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Peter Lackland has moved to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. Doc. 1. The government has responded to Lackland's motion, doc. 4, and Lackland has replied, doc. 6. For the reasons explained within, the court will **deny** Lackland's motion and **dismiss** this case.

## BACKGROUND

Lackland's conviction: On May 7, 2009, Lackland pleaded guilty to four counts of carjacking, four counts of being a felon in possession of a firearm, and two counts of brandishing a firearm during and in relation to a crime of violence.

As part of his plea agreement, Lackland stipulated to these facts. Lackland began a crime spree on February 6, 2008 when he robbed and carjacked a cab driver in Birmingham. *See* Doc. 28 at 4 in *United States v. Lackland*, 2:08-cr-00219-CLM-GMB. As part of the carjacking, Lackland stuck a revolver in the cab driver's side

1

and demanded his wallet. *Id.* at 5. The cab driver was later shown a photographic line-up and positively identified Lackland as the man who had robbed him. *Id.* at 6.

Two days later, police responded to a carjacking complaint from another Birmingham cab driver. *Id.* The cab driver explained that when he had asked a passenger to pay, the passenger pointed a small caliber, black-colored pistol at him and said, "Man, give me your money." *Id.* at 7. The assailant then drove away with the cab driver's vehicle. *Id.* Three weeks later, ATF agents showed the cab driver a photo array and he identified Lackland as the man who had carjacked him. *Id.* at 7–8. The day after this second carjacking, another cab driver was carjacked at gunpoint. *Id.* at 8. This cab driver was also able to positively identify Lackland as the individual who carjacked and robbed him. *Id.* at 9.

Five days after the third carjacking, Lackland carjacked a fourth cab driver. *Id.* According to this cab driver, Lackland placed a black-colored handgun to his head and demanded his money, saying, "I am not going to hurt you, but give me your money." *Id.* Like the other cab drivers, this cab driver was also later able to positively identify Lackland as his assailant. *Id.* at 10.

At the time of the first of these four carjackings, a Georgia state court had convicted Lackland of six theft-related felony offenses. *Id.* at 6. And after his arrest, Lackland confessed to law enforcement that he had committed the four carjackings. *Id.* at 11.

The court sentenced Lackland to a term of 504 months' imprisonment and entered judgment on March 5, 2010. Lackland failed to file a direct appeal, so his conviction became final on March 19, 2010, fourteen days after the court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A).

Supreme Court's *Rehaif* decision: After Lackland's sentence became final, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held that in felon in possession of firearm prosecutions under 18 U.S.C. § 922(g) the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Before *Rehaif* the Eleventh Circuit had held that it was unnecessary to prove that the defendant knew he was a felon to obtain a felon in possession of a firearm conviction. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997), *abrogated by Rehaif*, 139 S. Ct. at 2200. So both the government and Lackland agree that, at the time of Lackland's conviction and sentence, this court had not required the government to prove that Lackland knew he was a felon.

Section 2255 motion: Within a year of the *Rehaif* decision, on April 24, 2020, Lackland placed in the prison mailing system his first § 2255 motion, challenging his felon in possession of a firearm convictions. Doc. 1. The clerk docketed the motion on April 27, 2020.

## ANALYSIS

Lackland's § 2255 motion raises two challenges to his convictions. First, Lackland argues that his counsel was ineffective for not challenging the government's failure to prove that he knew of his felon status. Second, Lackland asserts that his § 922(g) convictions should be vacated because the government failed to prove, under *Rehaif*, that he knew of his felon status. The court addresses each argument in turn.

### I.     Lackland's ineffective assistance of counsel challenge fails.

Lackland first contends that his counsel provided ineffective assistance for not challenging, at any point during his criminal proceedings, the government's failure to prove that he knew he was a felon. To prevail on his ineffective assistance of counsel claim, Lackland must show that (1) his "counsel's performance was deficient, *i.e.*, it "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–92 (1984).

Lackland cannot show deficient performance because the law at the time of his criminal proceedings made clear that a defendant's knowledge of felon status was not an element of a felon in possession of a firearm offense. *See Jackson*, 120 F.3d at 1229. And although *Rehaif* altered that, "[r]easonably effective representation cannot and does not include a requirement to make arguments based

on predictions of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). So Lackland's ineffective assistance of counsel challenge fails.

## II.     Lackland procedurally defaulted his *Rehaif* challenge.

Lackland next argues that the government's failure to plead and prove the knowledge of felon status element requires the court to vacate his felon in possession of a firearm convictions. Lackland did not raise this argument in his criminal proceedings before this court. Nor did he file a direct appeal. And "[g]enerally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).

To overcome procedural default, Lackland must show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Alternatively, Lackland can overcome procedural default if he shows that he is actually innocent. *See id.* at 623.

Cause can exist "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). But that exception does not apply here. Although, as discussed above, the Eleventh Circuit had held that knowledge of felon status was not an element of a felon in possession of a firearm offense, defendants in the Eleventh Circuit and other courts had raised

similar arguments before the Supreme Court's decision in *Rehaif*. *See United States v. Rehaif*, 868 F.3d 907, 911–14 (11th Cir. 2017) (the defendant argued that knowledge of immigration status was a required element under § 922(g)(5)(A)); *United States v. Games-Perez*, 667 F.3d 1136, 1140–42 (10th Cir. 2012) (the defendant argued that knowledge of felon status was a required element under § 922(g)(1) despite prior precedent); *see also United States v. Lesure*, 262 F. App'x 135, 142–43 (11th Cir. 2008) (the defendant argued that knowledge of principal's status as felon was an essential element of offense of aiding and abetting a § 922(g) violation). And "futility cannot constitute cause if it simply means that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623. So Lackland has failed to show that his *Rehaif* challenge fits within the narrow procedural default carve-out for a hypothetical "claim that 'is so novel that its legal basis is not available to counsel.'" *Id.* at 622–23 (quoting *Reed*, 468 U.S. at 16).

Because Lackland cannot show cause, he must show that he is actually innocent. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623 (internal quotations omitted). And there is overwhelming evidence that Lackland is not factually innocent of the felon in possession of a firearm charges. As reflected in Lackland's presentence investigation report (PSR), at the time of the carjackings, Lackland had four felony shoplifting convictions. PSR ¶¶ 87, 88, 89, 90. And Lackland served around two years' imprisonment on these

convictions. *See id.* Lackland also signed state court documents in two of these felony shoplifting cases acknowledging that the maximum sentence for those charges would be 10 years. *See* Docs. 4-1 at 3,4, 4-2 at 3, 4. So it is implausible that Lackland did not know that he was a felon at the time of the carjackings.

Lackland, however, argues that he is factually innocent because the government has offered no proof that he knew that § 922(g) barred felons from possessing firearms. But *Rehaif* only requires that the government prove that a defendant knows he is a felon. *See Rehaif*, 139 S. Ct. at 2200. It does not require the government to prove that the defendant knew that being a felon prevents him from possessing a firearm. So even under *Rehaif*, Lackland did not have to know that felons could not possess firearms for the government to convict him of violating § 922(g). Thus, Lackland has not shown that he is factually innocent.

Finally, Lackland asserts that the government's procedural default argument ignores his claim that the government's failure to inform him of the knowledge of felon status element rendered his guilty plea to the felon in possession of a firearm charges involuntary. Doc. 6 at 9. But the Eleventh Circuit has applied, although in an unpublished opinion, the procedural default rule to a claim that a *Rehaif* error rendered a guilty plea involuntary. *See Carlyle v. United States*, --- F. App'x ---, 2020 WL 6844052, at *2 (11th Cir. Nov. 23, 2020). So whether Lackland couches his *Rehaif* argument as an attack on the factual basis for his guilty plea or the

voluntariness of that plea, the court finds that Lackland has procedurally defaulted this argument.

## **CONCLUSION**

For these reasons, the court will **deny** Lackland's motion to vacate, set aside, or correct his sentence (doc. 1) and **dismiss this case with prejudice**.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong*," Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Lackland's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out these findings and closes this case.

**DONE** this January 6, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE